IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:20-cr-118 |
| | ) | |
| SANTOS YONIS ROMERO, | ) | |
| | ) | |
| Defendant. | ) | |

**Third Motion to Extend Time for Indictment**
**And Memorandum in Support**

The United States of America, through the undersigned counsel, seeks an order from the Court extending the thirty-day deadline for the return of an indictment contained in 18 U.S.C. § 3161(b). This extension of time is being sought in light of General Orders No. 2020-02, 03, 06, 07, and 12 of the United States District Court for the Eastern District of Virginia, issued between March 13 and June 10, 2020. In response to the United States' earlier motion, filed with the defendant's consent, the Court previously extended the deadline for indictment until June 7, 2020.

General Order 2020-03 suspends all grand jury proceedings through March 31, 2020, and permits only the Alexandria Division's grand juries to proceed thereafter until April 17, 2020, to address concerns about the spread of Coronovirus Disease 2019 (COVID-19). General Order 2020-06 specifically excludes the March 17–31, 2020 period in General Order 2020-03 from the time period for filing an indictment or information, as "necessary steps to balance the health and safety of jurors, court employees, litigants, counsel, judges, and the public, with the Constitutional responsibility to continue federal court operations during the COVID-19

1

outbreak." Gen. Order 2020-06 at 6. General Order 2020-07 extends this time period an additional 14 days, until May 1, 2020. General Order 2020-12 extends this period an additional 40 days, from May 2, 2020 from June 10, 2020, for a total of 87 days. As a result, the United States is unable to seek the return of an indictment within the time frame provided by the statute. Both the circumstances of this case and those described in General Orders 2020-02, 03, 06, 07, and 12 justify an extension to serve the ends of justice under 18 U.S.C. § 3161(h)(7). In support thereof, the United States provides as follows:

1. On February 7, 2020, the Court signed a Criminal Complaint charging the defendant with conspiracy to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841 and 846. The defendant was arrested on February 7, 2020, and made an initial appearance. Since February 7, 2020, the defendant has been detained pending trial.

2. Title 18, United States Code, Section 3161(b) provides that the United States has 30 days from the date the defendant was arrested to obtain an indictment for the defendant. Accounting for the extended time provided for in General Order 2020-03 and incorporated in General Order 2020-06, as well as the extensions of the time to indict previously granted in this case, the 30-day period would expire on June 7, 2020.

3. On March 13, 2020, the Chief Judge for the Eastern District of Virginia signed General Order No. 2020-02. Among other things, effective March 16, 2020, this Order suspends all grand jury proceedings in this District except for the Alexandria Division until April 17, 2020. On March 16, 2020, the Chief Judge for the Eastern District of Virginia signed General Order No. 2020-03, which canceled all grand jury proceedings in this District through March 31,

2020, and allowed only the Alexandria Division grand jury to resume until April 17, 2020. On March 24, 2020, the Chief Judge for the Eastern District of Virginia extended this time period further, canceling all grand jury proceedings throughout the District until May 1, 2020.

4. The Court entered this March 16 Order as part of "a staged response to the ongoing public health emergency" that is COVID-19. Gen. Order No. 2020-02 at 1-2. The Court noted that the "President of the United States declared a national emergency, and Governor of the Commonwealth of Virginia declared a state of emergency, multiple federal courts have suspended jury proceedings, and classes at Virginia state universities, as well as K-12 public schools within Virginia, have been canceled or temporarily suspended." Gen. Order No. 2020-02 at 2 n.2. Additional restrictions on public gatherings and efforts at limiting the spread of the virus are unfolding quickly. For example, on Friday, March 13, 2020, the United States Court of Appeals for the Fourth Circuit cancelled all of its scheduled oral arguments for the March sitting the following week. The ultimate scope of the steps needed to limit the spread of the virus and protect public health is at present not fully determined.

5. On March 23, 2020, the Court issued General Order 2020-06, which further clarified the Court's rulings under the Speedy Trial Act. The Court recounted the factual proceedings to date and balanced the factors discussed in 18 U.S.C. § 3161(h)(7)(B) and found that in light of COVID-19, "the ends of justice outweigh the best interest of the public and the defendants in a speedy indictment, and a speedy trial, and that the failure to grant such a continuance would prevent the completion of full and fair jury proceedings and result in a miscarriage of justice." Gen. Order 2020-06 at 5-6.

6. In its March 24, 2020 General Order, the Court further explained that cancelation

of grand jury until May 1 was necessary due to the "day-to-day evolution of state-wide shutdowns and increasing community spread of COVID-19 – reasons that highlight the necessity of a further continuance of all in-person proceedings other than critical or emergency proceedings – and for the reasons explained in detail in General Order 2020-06, to include the procedural challenges to seating a jury in the midst of the COVID-19 pandemic. . . ." Gen. Order 2020-07 at 7. The Court found that the suspension was necessary "after balancing the factors discussed in 18 U.S.C. § 3161(h)(7)(B)" because the Court found "that the exclusion of such time from the speedy trial period is necessary to balance the health and safety of jurors and prospective jurors, court employees, litigants (to include criminal defendants), counsel, judges, and the public, with the Constitutional responsibility to continue federal court operations during the COVID-19 outbreak." *Id.* at 7-8.

7. On April 10, 2020, the Court issued General Order No. 2020-12. Among other things, this Order extends the suspension of all grand jury proceedings in this District through June 10, 2020. Gen. Order 2020-12 at 4-5. The Court found that the further suspension, at this time, was necessary "after balancing the factors discussed in 18 U.S.C. § 3161(h)(7)(B)." Gen. Order 2020-12 at 7. The Court highlighted "the expanding number of COVID-19 hospitalizations and deaths in Virginia, and the statewide 'stay home' order currently in place through June 10, 2020, mandates a robust response from our Court to protect the public health, with the need to protect the health of the public in the midst of a deadly nationwide pandemic outweighing the rights of the impacted defendants, and the public, to a speedy trial." *Id.*

8. For these reasons, the United States respectfully requests that due to the evolving needs of the government in helping to arrest the spread of the virus, this Court find that the

interests of justice outweigh the defendant's interest in speedy indictment in this case, and that failure to grant such a continuance would not only make a continuation of that proceeding impossible but result in a miscarriage of justice. An extension serves the factors under § 3161(h)(7)(B) and is justified under the circumstances of this case. The United States asks the Court to incorporate the findings in General Orders 2020-06, 07, and 12 and respectfully requests that the time period for the return of an indictment be extended until July17, 2020, which represents an additional 40 days to account for the suspension of grand jury proceedings until June 10, 2020. At this point, the purpose of the extension is to give the parties time to schedule and afford the defendant an opportunity to enter a pre-indictment plea. If additional time beyond that date is needed due to the evolving public health crisis, the United States will return to this Court for an extension.

9. The United States has advised defense counsel of the filing of this motion and defense counsel consents to its filing.

WHEREFORE, the United States requests that the time to indict this case be extended to and including July 17, 2020 and that the delay resulting from this extension be excluded in computing the time within which an indictment must be filed pursuant to 18 U.S.C. § 3161(h). A proposed order is attached to this Motion.

          Respectfully submitted,

          G. ZACHARY TERWILLIGER
          UNITED STATES ATTORNEY

By: _____.
          David A. Peters
          Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

                                         David A. Peters
                                         Assistant United States Attorney